UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

MEYER SPERBER on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

    -against-

ENHANCED RECOVERY COMPANY, LLC

                              Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Meyer Sperber, brings this action against Enhanced Recovery Company, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Meyer Sperber

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about October 21, 2014, Defendant sent the Plaintiff a collection letter.

11. The said letter was an effort to collect on a consumer debt.

12. The letter stated as follows: "View statements, pay your balance, and manage your account online at www.payerc.com."

13. The Plaintiff proceeded to go onto the said website whereupon he created an account.

14. Upon activating his account, the Plaintiff read a statement which said: "ACH convenience and handling fee of $7.50 for each ACH payment made."

15. The said statement and collection of the "convenience and handling fee" was in violation of the FDCPA.[1]

16. The Defendant's convenience fee was neither expressly authorized by an agreement between the Defendant and or the creditor, and the Plaintiff, nor permitted by law.

17. The Defendant's convenience fee was prohibited and was in violation of 15 U.S.C. § 1692f(1).

---

[1] Campbell v. MBI Assocs., Inc., 2015 U.S. Dist. LEXIS 44811 (E.D.N.Y. Mar. 31, 2015), Acosta v. Credit Bureau, 2015 U.S. Dist. LEXIS 55870 (N.D. Ill. Apr. 29, 2015); Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language ''you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''); McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012) (The plaintiff stated a viable FDCPA claim by alleging that the defendant, collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.); Quinteros v. MBI Assocs., 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014) (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

18. 15 U.S.C. 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

19. 15 U.S.C. 1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

20. The Defendant's statement on its website leads the unsophisticated consumer to believe that the Defendant legally entitled to such a fee.

21. On information and belief, it is the Defendant's pattern and practice to collect such convenience fees from hundreds of consumers who reside in the State of New York.

22. Defendant's said website fee demand was in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

23. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

24. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25. The identities of all class members are readily ascertainable from the records of Enhanced Recovery Company, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

26. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Enhanced Recovery Company, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

27. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

28. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

29. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

30. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary

      duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

31. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

34. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION
**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

35. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through thirty four (34) herein with the same force and effect is if the same were set forth at length herein.

36. This cause of action is brought on behalf of Plaintiff and the members of a class and two subclasses.

37. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter; (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about October 21, 2014, sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) where the collection letter directed the consumer to access the Defendant's website; (d) the collection letter was not returned by the postal service as undelivered; and (e) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

38. The first subclass consists of all persons whom Defendant's records reflect resided in the State of New York and (a) who created an online account on the Defendant's website; (b) where the consumer was directed to pay a convenience fee of $7.50 for each ACH payment made; in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

39. The second subclass consists of all persons whom Defendant's records reflect resided in the State of New York and (a) who created an online account on the Defendant's website; (b) were erroneously charged a convenience fee of $7.50 for ACH payments made; (c)

thereby suffering actual damages from the Defendant's actions, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

### Violations of the Fair Debt Collection Practices Act

40. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

41. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
October 20, 2015

    /s/ Maxim Maximov
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

    /s/ Maxim Maximov
Maxim Maximov, Esq.